UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHOD COSTON; DERRICK HARRIS,

                Plaintiffs,

-against-

ONONDAGA COUNTY JUSTICE CENTER, *et al.*,

                Defendants.

19-CV-11525 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiffs, currently incarcerated in the Onondaga County Justice Center (OCJC), bring this *pro se* action. They label their filing as a "Notice of Order to Show Cause and Inherent Affidavit of Support Thereof," and appear to allege that Defendants tampered with their legal mail at the OCJC.[1] Named as Defendants are Onondaga County Justice Center, Onondaga County, Union County Sheriff's Office, Fourth Department Appellate Division, Commission of Corrections, the State of New York, Governor Cuomo, Cabrey of the Union County Justice Department, Sergeants Okun, Peterson, Carsten, and Lorenzo, Lieutenant Miller, and Eugene Conway. Plaintiffs provide no addresses for Defendants. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

---

[1] On October 31, 2019, Plaintiffs filed a similar complaint in this Court. *See Coston v. Onondaga Cty. Justice Ctr.*, ECF 1:19-CV-10221, 2 (S.D.N.Y. Oct. 31, 2019). By order dated November 5, 2019, the Court determined that venue was proper in the Northern District of New York and transferred the action to the United States District Court for the Northern District of New York. *Coston*, ECF 1:19-CV-10221, 4. On November 20, 2019, Plaintiffs filed an "objection" to the Court's transfer order. *Coston*, ECF 1:19-CV-10221, 6. Because the transfer of an action deprives the transferring court of jurisdiction over the matter, the Court denied Plaintiffs' objection without prejudice to Plaintiffs' refiling their objection in the Northern District. *Coston*, 1:19-CV-10221, 8.

# DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[2]

Plaintiffs filed this complaint regarding events occurring at the Onondaga County Justice Center, located in Onondaga County, New York. Plaintiffs do not provide addresses for the Defendants, but most Defendants appear to reside in Onondaga County. Because Plaintiffs do not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying their claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section

---

[2] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

2

1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Onondaga County, where Plaintiffs are incarcerated and where most Defendants appear to reside. Onondaga County falls within the Northern District of New York. *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Northern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York.

The Clerk of Court is further directed to mail a copy of this order to Plaintiffs and note service on the docket. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 30, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge